IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00045-WYD-BNB

BASILIO ROJO-ALDERTE,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
DR. POLLAND,
ROBERT HIGGINS,
SUSAN BONFIGILIO, and
ALICIA VINEYARD,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's** [sic] **Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [Doc. # 18, filed 5/9/2008] (the "Motion"), brought on behalf of defendants Federal Bureau of Prisons and Alicia Vineyard.[1] I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED in its entirety.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however,

---

[1] It appears from the record that defendants Pollard, Higgins, and Bonfigilio have not been served.

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed his amended Prisoner Complaint on January 28, 2008 [Doc. #8] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") in Florence, Colorado. The Complaint contains the following allegations:

1. On or about March 1, 2007, while working in the Food Services Department at FCI, the plaintiff fell and severely injured his neck, upper back, sternum, and left lower jaw. *Complaint*, p. 4.

2. The plaintiff was subsequently examined by Dr. Polland. Dr. Polland twisted the plaintiff's neck to adjust the upper vertebrae of the plaintiff's spinal column. Dr. Polland claimed that the plaintiff suffered only from muscle strain even though the plaintiff continually complained of severe pain in his upper spinal column and neck. Dr. Polland's actions made the plaintiff's injuries worse. Id.

3. After the plaintiff saw Dr. Polland, Robert Higgins refused to provide the plaintiff with x-rays. Id.

4. Susan Bonfiglio refused to refer the plaintiff to another doctor for a second opinion. Id.

5. Alicia Vineyard refused to refer the plaintiff to another doctor for a second opinion; she claimed the plaintiff suffered only from a neck strain; and she told the plaintiff to place a hot towel on his neck. Id.

The Complaint asserts one claim pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Claim One alleges that the defendants' deliberate indifference violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Id.

### III. ANALYSIS

#### A. Sovereign Immunity

The defendants do not address sovereign immunity. I must address sovereign immunity, however, because it implicates this Court's subject matter jurisdiction to determine the plaintiff's claims. Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986) (stating that "[i]nasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*").

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a

4

jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Bivens does not waive sovereign immunity. Meyer, 510 U.S. at 484-86; Bivens, 403 U.S. at 410.

Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). The plaintiff names as a defendant the BOP. The BOP is an agency of the Federal Government. Therefore, the plaintiff's claim against the BOP is barred by sovereign immunity.

## B. Inmate Accident Compensation Act

The defendants assert that the Inmate Accident Compensation Act ("IACA") deprives this Court of jurisdiction over the plaintiff's claims because it provides the exclusive remedy for inmates injured while working in prison. The defendants' challenge is not jurisdictional; this Court has jurisdiction over the plaintiff's Bivens claim. However, as discussed below, the plaintiff does not state a claim for relief under Bivens because the IACA provides his exclusive remedy.

The plaintiff alleges that the defendants violated the Eighth Amendment because they failed to ensure safe working conditions which caused him to slip and fall and because they improperly treated the injuries he sustained from the fall. However, the compensation benefits provided by the IACA constitute the exclusive remedy for "injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); Alvarez v. Gonzales, 155 Fed.Appx. 393, 2005 WL 3008788, at *1 (10th Cir. November 10, 2005) (applying the IACA to bar claims brought pursuant to Bivens). This remedy "includes claims that subsequent negligence or inadequate

5

medical care caused further injury." Alvarez, 155 Fed.Appx. at *1 (citing 28 C.F.R. § 301.301(b)). Therefore, the plaintiff's Bivens claim (as against the individual defendants) is barred by 18 U.S.C. § 4126.

Because I find that the sovereign immunity bars the plaintiff's claim against the BOP and the IACA bars the claim against the remaining defendants, I do not address the defendants' remaining arguments. In addition, to the extent the plaintiff's supplemental response [Doc. #24] attempts to assert claims based on the defendants' failure to comply with IACA regulations, these claims are not asserted in the Complaint.[2] Moreover, the plaintiff has not sought leave to amend his Complaint to assert these claims. I will not address claims raised for the first time in a brief opposing a dispositive motion.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendant's [sic] Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be GRANTED and that this case be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

---

[2]I also note that in order to receive compensation for a work-related injury under the IACA, an inmate must file a claim with the institution, 28 C.F.R. § 301.303, and must thereafter appeal any adverse decisions within the BOP. Id. at §§ 301.306-313.

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 18, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge