IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00045-WYD-BNB

BASILIO ROJO-ALDERTE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
DR. POLLAND,
ROBERT HIGGINS,
SUSAN BONFIGLIO, and
ALICIA VINEYARD,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Defendant's [sic] Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Federal Bureau of Prisons ["BOP"] and Alicia Vineyard on May 9, 2008. This motion was referred to Magistrate Judge Boland for a recommendation by Order of Reference dated May 14, 2008 and Memorandum dated May 15, 2008. A Recommendation of United States Magistrate Judge was issued on December 19, 2008, and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1).

Magistrate Judge Boland recommends therein that the motion to dismiss be granted and the case be dismissed in its entirety. Specifically, he recommends that the motion to dismiss be granted as to the BOP because the claim against it is barred by

the doctrine of sovereign immunity. *See* Recommendation at 5. He also finds that Plaintiff does not state a claim for relief against the individual defendants under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), because the Inmate Accident Compensation Act ["IACA"] provides his exclusive remedy. *Id*. at 5-6. Finally, Magistrate Judge Boland finds that to the extent Plaintiff's supplemental response to the motion to dismiss attempts to assert claims based on the Defendants' failure to comply with IACA regulations, those claims should not be addressed since they were not asserted in the complaint and Plaintiff did not seek leave to amend the complaint to assert these claims. *Id*. at 6.

Magistrate Judge Boland advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. *Id.* Despite this advisement, no objections were filed to Magistrate Judge Boland's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no

clear error on the face of the record."[1] See FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Boland that the claims in this case must be dismissed for the reasons stated in the Recommendation, which I find to be well reasoned and sound. I further agree that the new claims Plaintiff attempted to assert in his supplemental response are not properly considered because they were not asserted in the complaint and Plaintiff did not seek leave to amend the complaint. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated December 19, 2008 [doc. #27], is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's [sic] Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [doc. # 18, filed May 9, 2008] is **GRANTED** and this case is **DISMISSED** in its entirety.

Dated: March 6, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).